UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**F. ANTONE ACCUARDI**,

        Plaintiff,

   v.

**BRAD FREDERICKS**,

        Defendant.

Case No. 3:13-cv-01825-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

    Plaintiff, F. Antone Accuardi ("Accuardi"), an Oregon attorney, filed this action against defendant, Brad Fredericks ("Fredericks") and several unidentified Internet users, for posting false statements about Accuardi on Fredericks's Blog, The Telecom Compliance News Press, and other websites. Based on those false statements, he alleged three claims under Oregon law for placing him in a false light, intentionally inflicting emotional distress, and intentionally interfering with economic relations. In response, Fredericks filed an Amended Special Motion to Strike (docket #10) all claims pursuant to Oregon's Anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, ORS 31.150-.155. This court granted that motion and entered a Judgment dismissing this action with prejudice (docket # 41).

1 – OPINION AND ORDER

Pursuant to ORS 31.152(3), Fredericks has now filed a Motion for Attorney Fees (docket #42) seeking attorney fees of $39,282.50, supplemental attorney fees of $2,075.00, a multiplier of two applied to the attorney fees, and costs of $1,027.30, for a total award of $83,742.30.  For the reasons set forth below, that motion is granted in the reduced sum of $41,887.30.

**I.**   **Prevailing Party**

In a diversity case, the availability and amount of attorney fees to be awarded is determined by state law.  *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F2d 1380, 1387 (9th Cir 1986).  ORS 31.152(3) provides that "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs."  *See also Page v. Parsons*, 249 Or App 445, 463, 277 P2d 609, 620 (2012) ("Thus, the statute makes an attorney fee award mandatory in a case such as this, where a defendant prevails on a special motion to strike.").  As the prevailing defendant, Fredericks is entitled to an award of his reasonable attorney fees and costs.

In Oregon, the amount of fees awarded is determined by an analysis of the factors listed in ORS 20.075(1) and (2).  Pursuant to ORS 20.075(1), the court must consider:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

2 – OPINION AND ORDER

      (h) Such other factors as the court may consider appropriate under the circumstances of the case.

In addition, ORS 20.075(2) requires the court to consider the following additional factors:

      (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
      (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
      (c) The fee customarily charged in the locality for similar legal services.
      (d) The amount involved in the controversy and the results obtained.
      (e) The time limitations imposed by the client or the circumstances of the case.
      (f) The nature and length of the attorney's professional relationship with the client.
      (g) The experience, reputation and ability of the attorney performing the services.
      (h) Whether the fee of the attorney is fixed or contingent.

## II.    Objections to Amount of Attorney Fees Requested

Without specifically addressing the factors in ORS 20.075, Accuardi objects to Fredericks's motion on a variety of general grounds. Based on those objections, only a few of the relevant factors require analysis.

First, Accuardi claims that Fredericks's fee entries are vague, duplicative, and that law clerk or paralegal work is billed at attorney rates. However, he has not cited any specific time entries that correspond to his objections. Despite that lack of specificity, this court has reviewed the time entries submitted in support of Accuardi's motion (Sexton Decl., Ex. 1) and concludes that they adequately specify the amount of time spent on each task and describe the task performed. Fredericks's attorney, Troy G. Sexton, incurred a total of 168.90 hours from August 2013 through March 2014, primarily to prepare the Special Motion to Strike and respond to Accuardi's discovery requests. The amount of time claimed is not inherently unreasonable.

3 – OPINION AND ORDER

However, Accuardi is correct that some clerical work is billed at attorney rates. Costs associated with clerical tasks are typically considered overhead expenses reflected in the hourly billing rate, and are not properly reimbursable. *See Missouri v. Jenkins*, 491 US 274, 288 n10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . '[The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.'"). Such clerical tasks "include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Sterling Sav. Bank v. Sequoia Crossing, LLC*, Civ. No. 09-555-AC, 2010 WL 3210855, at *7 (D Or Aug. 11, 2010) (citation omitted). Here Accuardi's attorney included the following time entries which consist of clerical tasks:

| Date | Amount | Description |
|---|---|---|
| 11/19/2013: | $135.00 | File declarations (0.4); telephone conference with Court Clerk regarding filing errors (0.2) |
| 11/21/2013: | 45.00 | Telephone call to Court Clerk regarding motion to reset schedule (0.2) |
| 11/18/2013: | 67.50 | Re-mail exhibits to A. Accuardi (0.3) |
| 01/10/2014: | 125.00 | File all documents (0.5) |
| 01/13/2014: | 50.00 | Deliver judge's copies of motion (0.2) |
| 03/07/2014: | 75.00 | File fee documentation (0.3) |
| TOTAL: | $497.50 | |

Therefore, the fee requested must be reduced by $497.50.

Second, Accuardi objects to the hourly rates charged by Fredericks's attorney of $225.00 in 2013 and $250.00 in 2014. As a benchmark for comparing attorneys' billing rate under ORS 20.075(2)(c) with the fee customarily charged in the locality, this court uses the most recent Oregon State Bar Economic ("OSB Survey"), adjusted for inflation between its date and the date the legal services were performed. *See Schumacher v. City of Portland*, CV–07–601–MO, 2008 WL 219603, at *3 (D Or Jan. 23, 2008). Fredericks argues that Mr. Sexton's hourly rates are

reasonable for corporate commercial litigation in the Portland metropolitan area. Accuardi takes issue with that characterization, and instead argues that this case is a "garden variety" tort case. Regardless of the characterization, the hourly rates are reasonable.

Mr. Sexton graduated from law school and was admitted to the Oregon Bar in 2011. Sexton Decl., ¶ 6. In 2013, he had two years of experience as an associate attorney. *Id*, ¶ 5. According to the 2012 OSB Survey (revised July 2013),[1] hourly rates in Portland for an attorney admitted for 0-3 years averaged $182.00, with a range of $163.00 for the 25th percentile and $198.00 for the 75th percentile. Mr. Sexton's hourly rates of $225.00 in 2013 and $250.00 in 2014 are well above that range. However, the average hourly rates are higher when considering the practice area. According to that same survey, Portland attorneys billed an average of $309.00 per hour in the practice area of "Civil Litigation, Defendant" and $311.00 per hour for the practice area of "Business/Corporate – Litigation." A Portland attorney defending a client in civil litigation in the 75th percentile billed $375.00 per hour and in the 25th percentile billed $225.00 per hour. Mr. Sexton's hourly rates are well within both of those ranges. Given the nature of this litigation and Mr. Sexton's experience, including prior success in another anti-SLAPP case (*id*, ¶ 6), his requested hourly rates are not unreasonable.

Third, Accuardi objects to Fredericks's request for an enhancing multiplier factor of two, principally to compensate his attorney for the contingent nature of the fee which entails the risk of nonpayment and delay in receiving any fee. "Oregon law does support compensating counsel who take on contingent fee cases at rates exceeding their standard billing rates." *Strawn v. Farmers Ins. Co. of Or.*, 233 Or App 401, 412, 226 P3d 86, 93 (2010). When a party has retained counsel on a contingency fee basis:

---

[1] Available at https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

5 – OPINION AND ORDER

> an award of "reasonable" attorney fees does not preclude the use of a multiplier or other fee enhancement . . . . Such an enhancement may be applied at the beginning of the calculation process by increasing counsel's standard or basic hourly rate to a "reasonable hourly rate" for the work done given the nature of the case . . . or the enhancement may be applied later in the calculation process by increasing a lodestar amount of fees . . . .

*Id* at 416, 226 P3d at 95.

In contingency fee cases "involving 'complex, controversial and high risk employment' issues — parties' attorneys may be compensated at a higher rate than what would be charged in a noncontingent fee setting." *Tanner v. Oregon Health Sciences Univ.*, 161 Or App 129, 134, 980 P2d 186, 189 (award of attorney fees at the rate of $270 per hour, twice counsel's standard rate), quoting *Griffin v. Tri-Met*, 112 Or App 575, 585, 831 P2d 42, 48 (1992), *aff'd in part, rev'd in part*, 318 Or 500, 870 P2d 808 (1994) (enhancing the hourly rate from $162.50 to $200). The touchstone when enhancing hourly rates is the overall reasonableness of the fee based on the degree of "novelty and difficulty of the questions involved" and the skills needed to properly perform the legal services. *See Strawn v. Farmers Ins. Co. of Or.*, 353 Or 210, 217, 297 P3d 439, 444 (2013).

Based on an evaluation of the factors prescribed by ORS 20.075, this court is not persuaded that a multiplier or enhancement is warranted in this case. First, Fredericks is a defendant, not a plaintiff. Mr. Sexton agreed to represent him on a *pro bono* basis without compensation and to only seek payment of fees from Accuardi as the prevailing party through the fee-shifting statute. There was no contingent fee arrangement. Although Mr. Sexton faced a risk of not being compensated if he lost, he voluntarily choose that risk and, if he prevailed, any delay in payment.

Second, although not a garden variety tort case, this case was not complex or truly unusual. It simply presented a First Amendment issue whether certain statements were capable

of a defamatory meaning or were properly construed as opinion and constitutionally protected. Fredericks achieved a dismissal by filing a Special Motion to Strike with supporting memoranda and affidavits. Although "an Anti-SLAPP motion to strike does require some evidentiary investigation and presentation," it is the plaintiff responding to the motion "who has the laboring oar." *Gardner v. Martin*, No. 05-CV-769-HU, 2006 WL 2711777, at *8 (D Or Sept. 19, 2006). "A defendant's burden is simply to make a *prima facie* showing that the claims to which the motion [is] directed arise out of one of the categories of civil actions described in ORS 31.150(2)." *Id*.

Third, although Accuardi lost, his claims were not frivolous. *See Neumann v. Liles*, 261 Or App 567, -- P2d -- (Mar. 12, 2014) (reversing the trial court's dismissal of a defamation case under the anti-SLAPP statute). Fourth, the quality of Fredericks's representation is adequately reflected in the hourly rate. Finally, even though a small award may encourage meritless claims or frustrate the purpose of the anti-SLAPP statute, a large award may discourage others from filing meritorious claims.

Accuardi's fourth objection is that time spent on issues beyond the Special Motion to Strike itself is not compensable. That argument has been rejected previously by this court as lacking merit. *See e.g.*, *Higher Balance, LLC v. Quantum Future Grp., Inc.*, Civil No. 08–233–HA, 2009 WL 1743210, at *5 (D Or June 18, 2009); *Schumacher v. City of Portland*, CV–07–601–MO, 2008 WL 219603, at *4 (D Or Jan. 23, 2008); *Card v. Pipes*, Civil No. 03–6327–HO, 2004 WL 1403007, at *1 (D Or June 22, 2004) (holding that ORS 31.152(3) does not contain any provision limiting fees to only those attributable to the Special Motion to Strike).

Fifth, Accuardi objects to relying on the parties' settlement attempts in determining the reasonableness of Fredericks's fee award. However, ORS 20.075(1)(f) requires a court to

consider "the objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." Fredericks tried to discuss ways to address Accuardi's issues without resorting to litigation, but Accuardi was not interested in settlement. Sexton Decl., ¶ 7. According to Fredericks, had Accuardi entertained Fredericks's offers, he would have achieved more success than he did through this litigation. *Id.*

Finally, Accuardi asks the court to exercise restraint because he "has little money and no assets." However, none of the factors which this court must consider in awarding fees references the financial resources of the party who must pay the fees. Even if the court could consider Accuardi's ability to pay, he has not presented any verified financial information to support his representation of poverty.

In sum, based on the number of hours incurred and hourly rates requested, Accuardi is entitled to an attorney fee award, without the application of any multiplier, in the sum of $38,785.00 ($39,282.50 – $497.50), plus supplemental fees of $2,075.00 (for an additional 8.3 hours at $250.00 per hour) (Sexton Reply Decl., ¶ 4), for a total of $40,860.00.

### III. Costs

Under Oregon law, a party who prevails on a special motion to strike is entitled to recover reasonable costs, in addition to attorney fees. ORS 31.152(3). Fredericks's request for costs in the sum of $1,027.30 is supported by a billing statement listing charges for computerized legal research via Westlaw and "Pacer." Sexton Decl., Ex. 1, p. 9. Expenses billed separately to a client, and thus not part of an attorney's hourly rate, may be allowed as part of an attorney fee award. *See Willamette Prod. Credit Assoc. v. Borg–Warner Acceptance Corp.*, 75 Or App 154, 159, 706 P2d 577 (1985) ("Modern electronic accounting methods allow a more specialized billing for attorney fees. Courts should recognize the reality of modern legal business practices

and include expenses specially billed to the client in the attorney fees award when they are properly documented and are reasonable."). They are not taxed as costs under 28 USC § 1920. Assuming that these expenses for computerized legal research are normally incurred by an attorney and charged to the client, they are recoverable. Accuardi does not specifically object to these expenses, and, based on this court's experience, the amount requested is not inherently unreasonable.

## **ORDER**

For the reasons set forth above, defendant's Motion for Attorney Fees (docket # 42) is granted in part in the sum of $41,887.30.

DATED April 22, 2014.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge